# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEVON GROVES,

    Plaintiff,

v.

CHRISTOPHER SLAGER AND SOUTH BEND POLICE DEPT.

    Defendants.

NO. 4:09-cv-0198

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Presently before the Court is Plaintiff Devon Groves' application to proceed *in forma pauperis*. (Doc. 2.) Plaintiff sought to file a Complaint on January 30, 2009 against police officer Christopher Slager and the South Bend Police Department of South Bend, Indiana. (Doc. 1.)

The decision whether to grant or deny *in forma pauperis* (IFP) status rests within the sound discretion of the district court. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985) (applying abuse of discretion standard to appeal). 28 U.S.C. § 1915 encompasses a two-step process for reviewing *in forma pauperis* applications. The Third Circuit Court of Appeals has made it clear that this Court should consider a litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74

(1996) (replacing 1915(d) with 1915(e), adding bases of review).

Plaintiff is currently incarcerated at the United States Penitentiary (USP) in Allenwood, Pennsylvania. Plaintiff has completed the IFP application, and has properly provided certification of his prisoner account balance. According to the application, he is employed at the institution, and receives compensation of five dollars and twenty-five cents ($5.25) per month. He owns no other cash, property, or bank account, and does not receive money from any other source. Mr. Groves' application is also marked such that he is willing to pay a partial filing fee and have sums deducted from his prison account in the amounts specified by 28 U.S.C. § 1915(b) until the filing fee has been paid. Assuming this to be an accurate depiction of Mr. Groves' complete financial situation, he has made an adequate showing of poverty. *See Souder v. McGuire*, 516 F.2d 820, 824 (3d Cir. 1975) (prisoners need not "totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison" in order to litigate a case).

The Court has done an initial screening of the complaint and concludes it is not frivolous or malicious and does not fail to state a claim on which relief may be granted or seek relief from an immune defendant.[1] The Court therefore grants his motion to proceed IFP.

Plaintiff also filed a motion on February 23, 2009, styled as a motion for summary judgment. (Doc. 7.) Because the motion was filed before the Court's determination of his

---

[1] Government officials, such as police, may be entitled to qualified immunity, *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982), but the burden is on the official claiming immunity to establish his entitlement, *Dennis v. Sparks*, 449 U.S. 24, 29 (1980).

application to proceed IFP and before service of process upon the Defendants, the Court will deny the motion as premature without prejudice to Plaintiff's raising the motion again at the appropriate time.

**NOW**, this ___6th___ day of March, 2009, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

(2) Plaintiff's motion for summary judgment (Doc. 7) is **DENIED without prejudice**.

(3) The Clerk of the Court shall prepare a summons for service by United States Marshals with the complaint on the Defendants named herein;

(4) The Defendants shall respond to the complaint within twenty (20) days of the date service is made pursuant to Fed. R. Civ. P. 12(a)(1).

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge